UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR17-30109 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REQUEST FOR DISCLOSURE |
| DUANE MEDNANSKY, | ) ) ) | |
| Defendant. | ) | |

Defendant requests production of discovery materials pursuant to FRCrP 16, all applicable rules and statutes and the District Court's order Fixing Dates. Defendant's request includes the following:

1. **The Defendant's Statement**: Under FRCrP 16(a)(1)(A), the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (See *U.S. v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and, any other statements by the defendant that are discoverable under FRCrP 16(A)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the government must reveal all the defendant's statements, whether oral or written regardless of whether the government intends to introduce those statements.

2. **Defendant's Prior Record:** I request under FRCrP 16(a)(1)(B) a copy of the defendant's prior criminal record, if any, as is within your possession, custody, or control.

3. **Arrest Reports, Notes and Dispatch Tapes**: The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding the defendant's arrest or any questioning, if such reports have not already been produced in their entirety, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under FRCrP 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining

1

to the defendant are available under FRCrP 16(a)(1)(B) and (C), FRCrP 26.2 and 12(I).

4. **Documents and Tangible Objects**: The defendant requests, under FRCrP 16(a)(1)(C), the opportunity to inspect and copy as well as test, if necessary, all physical evidence, other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.

5. **Reports of Scientific Tests or Examinations**: Pursuant to FRCrP 16(a)(1)(D), I request the reports of all tests or examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence in chief at the trial.

6. **Expert Witnesses**: I request pursuant to FRCrP 16(a)(1)(E) a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary must describe the witnesses' opinions, the basis and reasons for the opinions, and the witnesses' qualifications.

7. *Brady* and *Giglio* **Materials**: Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), I make the following general request for production of any material, including but not limited to any information, whether written or oral, which is in any way exculpatory of or favorable to the defendant, or consistent with his innocence or inconsistent with the defendant's guilt, or inconsistent with the testimony of any witness whom the government intends to call during the trial of the case, or would provide information impeaching the credibility of any witness whom the government intends to call during the trial of this case. See also *Giglio vs. U.S.*, 405 U.S. 150 (1972).

Specifically, I make the following *Brady* and *Giglio* requests:

(a) To inspect/copy/photograph any and all records and information indicating prior felony convictions or findings of guilt or juvenile adjudications attributed to each witness to be called by the government, including, but not limited to, relevant "rap sheets" or other relevant criminal history reports to each such witness.

(b) To inspect/copy/photograph any and all records and information indicating any criminal charges pending against any government witness in any jurisdiction which have not been disposed of by either conviction or acquittal.

2

(c)     To inspect/copy/photograph any and all records and information indicating prior misconduct or bad acts attributed to any government witness.

(d)     To inspect/copy/photograph any and all records and information indicating any consideration or promises of consideration to be given to or on behalf of the government witness. By "consideration," the defendant refers to absolutely anything of value or use to a government witness or to persons of concern to the government witness, including, but not limited to, formal or informal, direct or indirect; leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, immigration, tax court, court of claims, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; relief from deportation; pretrial diversion or deferred prosecution program; payment of money, rewards, or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program," or informer status of the witness; and anything else which arguably could reveal any interest, motive, or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color one's testimony.

(e)     To inspect/copy/photograph any and all records and information indicating any threats, express or implied, direct or indirect, or other coercion made or directed against any government witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil tax court, court of claims, immigration, administrative or other pending or potential legal disputes or transactions with the government or potential legal disputes or transactions with the government or over which the government has real, apparent, or perceived influence as to the outcome.

(f)     Disclosure of the existence and identification of each occasion on which any government witness has testified before any court, grand jury, or any other tribunal or body or otherwise officially narrated in relation to this defendant, or the investigation of the facts of this case.

(g)     Disclosure of the existence and identification of each occasion on which any government witness who was or is an informer, accomplice, coconspirator, or expert has testified before any court, grand jury, or other tribunal or body.

(h)     Disclosure of the existence and identification of each occasion in which any government witness has temporarily or permanently refused to answer questions in relation to this case, including, but not limited to, requests for an attorney prior to answering any question.

    (i)    To inspect/copy/disclose any and all records and information indicating psychiatric treatment or treatment for alcohol/drug abuse or addiction of any government witness.

    (j)    To inspect/copy/disclose any and all records and information indicating material inconsistencies between statements given by any witnesses (including inconsistent statements by the same person or statements of different persons that are consistent) to the government, and all statements or other information which would tend to impeach the credibility of any intended government witness.

8. **Government Examination of Law Enforcement Personnel Files**: I request that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informants in this case. The defense requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory. See *Kyles v. Whitley*, 514 U.S. 419 (1995).

9. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**: The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler,* 851 F.2d 1197 (9th Cir. 1988); *Chavis n. North Carolina*, 637 F.2d 21, 224 (4th Cir. 1980).

10. **Names of Witnesses Favorable to the Defendant**. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979).

11. **Statements Relevant to the Defense**: The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that the defendant might assert. *U.S. v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements made by percipient witnesses about identifications of the perpetrators of this offense in general and about the defendant in particular.

12. **Electronic Surveillance**: Pursuant to Title III of the Organized Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., please disclose the existence and circumstances of all electronic surveillance conducted of the defendant's wire and/or telephonic communications. With respect to surveillance conducted under court order pursuant to the statute, please

4

        make available all logs, recordings, summaries, pen registers, orders and inventories relating to such interceptions.

13. **Request for Preservation of Evidence**: The defendant specifically requests that all dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests and any evidence seized from any third party. It is requested that the government question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

14. **Jencks Act Material**: The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and FRCrP 26.2. These materials are producible after a witness testifies at a pretrial motion to suppress, FRCrP 12(I), and after a witness testifies at trial. 18 U.S.C. § 3500. I specifically request pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

15. **Evidence of Other Crimes, Wrongs, or Acts**: I request that the government advise the defense of its intent to use at trial any evidence of "other crimes, wrongs, or acts" of any defendant, as that phrase is used in FRE 404(b). In regard to such notice, I ask that the government identify and describe:

    (a)    The dates, times, places, and persons involved in the crimes, wrongs, or acts;
    (b)    The statements of each participant in the crimes, wrongs or acts;
    (c)    The documents which contain evidence of other crimes, wrongs or acts; and
    (d)    The issue(s) to which the government believes such other crimes, wrongs or acts is relevant under Rule 404(b).

16. **Notice of Specific Instances of Conduct**: I ask that the government advise the defense of its intent to use at trial any evidence of "specific instances of conduct" any defendant as that phrase is used in FRE 608(b). In regard to this notice, I ask that the government identify and describe:

    (a)    The dates, times, places, and persons involved in the specific acts of misconduct;
    (b)    The statements of each participant in the specific acts of misconduct; and
    (c)    The documents which contain evidence of these specific acts of misconduct.

17. **Notice of Government's Intent to Use Evidence**: Pursuant to FRCrP 12(d)(2), I ask that the government disclose its intent to use in its case-in-

chief at trial any evidence that is discoverable under FRCrP 16 and is arguably subject to a motion to suppress evidence under FRCrP 12(b)(3).

18. **Co-conspirator Statements**:  I assume that the government may use evidence of co-conspirator statements at the trial of this case pursuant to FRE 801(d)(2)(E).  If so, I ask that the government agree to furnish the defense with a written proffer setting forth the specific co-conspirator statements that are intended to be offered and identifying the following:

(a) Independent proof of an overall conspiracy;
(b) Independent proof of each defendant's membership in the conspiracy; and
(c) Independent proof that each statement was made during the course of and in furtherance of the conspiracy.

Dated this 31st day of August, 2017.

OLINGER, LOVALD, MCCAHREN, VAN CAMP & KONRAD, P.C.
117 E. Capitol
PO Box 66
Pierre, SD 57501-0066
rkonrad@olingerlaw.net
605-224-8851

_____
ROBERT T. KONRAD
Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of August, 2017, he e-filed and served a true and correct copy of the foregoing NOTICE OF APPEARANCE to Kirk Albertson, US Attorney's Office, at kirk.albertson@usdoj.gov via electronic ECF filing.

_____
Robert T. Konrad